# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH BREELAND,** | : | Civil No. 3:12-CV-2511 |
| **Plaintiff** | : | (Judge Kosik) |
| v. | : | (Magistrate Judge Carlson) |
| **SGT. COOK,** | : | |
| **Defendant** | : | |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

The plaintiff in this action, Joseph Breeland, is an inmate in the custody of the Pennsylvania Department of Corrections, currently confined at the State Correctional Institution at Forest. Breeland commenced this action by filing a compliant on December 17, 2012. In the complaint, Breeland alleges that a correctional officer at SCI-Camp Hill used excessive force against him, and sexually assaulted him, during a time when Breeland was incarcerated at that prison.

The defendant filed an answer to the complaint on May 20, 2013, and subsequently amended the answer on June 10, 2013. The defendant has now moved for summary judgment on Breeland's claims, asserting that Breeland failed to exhaust

his administrative remedies with respect to the claims asserted.[1] The motion is fully briefed and for the reasons that follow, it is recommended that the motion be denied because there is evidence that could show that Breeland submitted a final appeal of his grievances within the time limits prescribed by the Pennsylvania Department of Corrections, although it may have been received by Corrections officials after the deadline for filing a final-level appeal expired. Because we find this factual dispute precludes the entry of summary judgment in the defendant's favor on procedural grounds alone, we will recommend that the motion be denied without prejudice to the defendants filing another dispositive motion addressing the merits of the plaintiff's claims, or otherwise litigating this issue before the Court.

## II.     DISCUSSION

The Prison Litigation Reform Act, 42 U.S.C. § 1997 ("PLRA") requires that prisoners present their claims through an administrative grievance process prior to seeking redress in federal court. Specifically, the Act provides that:

---

[1] While the current motion was pending, the defendant filed a motion seeking leave to file an additional summary judgment motion if his motion for summary judgment on the issue of exhaustion was denied. (Doc. 26) We granted this motion. (Doc. 28) Accordingly, if the district court adopts our report and recommendation and denies the pending motion for summary judgment, the defendant will be permitted to file an additional motion for dispositive relief addressing the merits of the plaintiff's claims, or raising other issues that the defendant contends entitle him to judgment in his favor.

> No action shall be brought with respect to prison conditions under [§ 1983], or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). In accordance with the PLRA, prisoners must comply with exhaustion requirements with respect to any claim that arises in the prison setting, regardless of the type of claim asserted, or the relief sought. See Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues.").

As the statute's language makes clear, the exhaustion of available administrative remedies prior to filing suit is mandatory. See Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) ("[I]t is beyond the power of this court – or any other – to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis.") (quoting Beeson v. Fishkill Corr. Facility, 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998)). Whether an inmate has exhausted administrative remedies is a question of law that is to be determined by the court,

even if that determination requires the resolution of disputed facts. See Small v. Camden County, __ F.3d. __, No. 11-2378, 2013 WL 4504761, at *3 (3d Cir. Aug. 26, 2013); see also Drippe v. Tobelinski, 604 F.3d 778, 781 (3d Cir. 2010).

Moreover, the exhaustion requirement of the PLRA is one of "proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 84 (2006). Failure to comply with the procedural requirements of the available grievance system will result in a claim being deemed procedurally defaulted. Id. at 90; Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004). An inmate cannot circumvent the PLRA's exhaustion requirement by failing to properly exhaust the prison's administrative review process, or by waiting until such remedies are no longer available to him. Woodford, 548 U.S. at 95. However, if an inmate shows that the actions of prison officials directly caused the inmate's procedural default of a grievance, the inmate will not be held to strict compliance with the exhaustion requirement. Brown v. Croak, 312 F.3d 109, 112-13. Likewise, "[w]here [the inmate] failed to receive even a response to the grievances addressing the . . . incidents, much less a decision as to those grievances, the [administrative remedy] process was unavailable to him." Small v. Camden County, __ F.3d. __, No. 11-2378, 2013 WL 4504761, at *6 (3d Cir. Aug. 26, 2013).

The Department of Corrections maintains a grievance system that offers a three-phase grievance and appeals procedure. See DC-ADM 804; see also Doc. 24,

Ex. A, Decl. of Tracy Williams, ¶ 4. Pursuant to DC-ADM 804, inmates first file grievances with the Facility Grievance Coordinator at the facility where the events upon which the complaint is based occurred. If the inmate is unsatisfied with the initial review of his grievance, he may appeal the decision to the Facility Manager (Superintendent). Upon receiving a decision from the Superintendent, the inmate may file an appeal with the Secretary's Office of Inmate Grievances and Appeals (SOIGA) within 15 days of the Superintendent's decision. Id.

In this case, the defendant has relied upon a declaration from Tracy Williams, who is an Administrative Officer 3 with SOIGA, and a custodian for inmate grievance records that are filed to final review with SOIGA. (Doc. 24, Ex. A.) In this declaration, Officer Williams attests that although Breeland submitted an appeal to SOIGA of Grievance No. 417095 to SOIGA regarding the allegations of misconduct by Sergeant Cook, the appeal was ultimately dismissed as untimely. (Id. ¶ 9.) Based upon this assertion, the defendant maintains that he is entitled to summary judgment because Breeland failed to comply with the grievance procedures prescribed by the Department of Corrections prior to bringing this action.

Breeland has opposed the motion, arguing that his appeal to SOIGA was timely filed and improperly dismissed. Breeland observes that the Superintendent denied his first-level appeal on October 11, 2012. Breeland next notes that his appeal to SOIGA

was dated on October 26, 2012, which he calculates as 11 "working days" and 15 calendar days from the date of the Superintendent's decision. (Doc. 29) The Department of Corrections' grievance policy requires that inmates appeal a grievance to final review within 15 working days. (Doc. 24, Ex. A) Breeland contends that he submitted his appeal on that day, and cannot be held responsible if prison officials failed to transmit the appeal to SOIGA in a timely manner. (Id.)

In response, the defendant notes that SOIGA did not receive the appeal until November 14, 2012, and on the basis of this date of receipt alone argues that "[c]learly the appeal to Final Review was not submitted within fifteen (15) working days of the Facility Manager's response." (Doc. 30, 3) Essentially, the defendant asks the Court to make a judicial finding that Breeland could not possibly have timely submitted his appeal given the length of time it took the appeal to be delivered to SOIGA. For his part, Breeland maintains that mail occasionally takes varying amounts of time to be delivered within the prison system, and the timeliness of his appeal should be marked by the date he actually placed the appeal into the mail system, which he insists was October 26, 2012.

We agree with the plaintiff that this matter cannot properly be resolved through a motion for summary judgment on the issue of timeliness. Although it does appear to have taken an inordinately long time for Breeland's appeal to have arrived at

SOIGA, the appeal itself is dated October 26, 2012, which falls within the appeal window, and under the so-called "prison mailbox rule" that was announced in Houston v. Lack, 487 U.S. 266, 276 (1988). Although the Third Circuit Court of Appeals has found that the mailbox rule may not apply in "in the face of a specific statutory or regulatory regime," Longenette v. Krusing, 322 F.3d 758, 763 (3d Cir. 2003), the mailbox rule is otherwise "designed to protect pro se prisoners in the absence of a clear statutory or regulatory regime." Id. (explaining that the mailbox rule has been found inapplicable where an administrative regulation is precisely written to require actual delivery or otherwise defines specifically the word "filed", but the rule will apply in the absence of such specific regulatory requirement of actual receipt by the agency); accord Nigro v. Sullivan, 40 F.3d 990 (9th Cir 1994) (holding that the Federal Bureau of Prisons grievance procedure defined that an administrative appeal was filed when "the receipt is issued", and thus the mailbox rule did not apply to the filing deadline).

In this case, the Department of Corrections policy governing inmate administrative appeals provides in relevant part that "[a]ny inmate who is dissatisfied with the disposition of an appeal from the Facility Manager may submit an Inmate Appeal to Final Review (Attachment 2-E) within 15 working days from the date of the Facility Manager/designee's decision." Because this regulatory procedure does

not precisely predicate the timeliness of a final appeal on actual receipt by SOIGA, it appears that the mailbox rule would be applicable and relevant to whether Breeland's final-level appeal was timely.

The facts appear to show that although SOIGA did not receive Breeland's final appeal of Grievance No. 417095 until November 14, 2012, Breeland's appeal was dated October 26, 2012, and he claims to have submitted his appeal on that day, which was within the 15 working days in which he was permitted to submit an appeal to final review. Given the factual conflict presented by the plaintiff and defendant regarding the timeliness of the plaintiff's final appeal of his grievance, we will recommend that the defendant's motion for summary judgment on this ground be denied without prejudice to the defendant's right to file a motion for summary judgment addressing the merits of the plaintiff's claims.[2]

## III. **RECOMMENDATION**

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED THAT the defendant's motion for summary judgment (Doc. 23) be DENIED.

---

[2] To the extent that this issue ultimately entails fact-finding and the resolution of disputed issues of fact it is also now also clear that this fact-finding should be undertaken by the court since "judges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury." Small v. Camden Cnty., 11-2378, 2013 WL 4504761 (3d Cir. Aug. 26, 2013)

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint as to defendant Doll be DISMISSED with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 9th day of October 2013.

                                              *S/Martin C. Carlson*
                                              Martin C. Carlson
                                              United States Magistrate Judge