FILED
SCRANTON

MAR 2 8 2014

PER _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH BREELAND,
        Plaintiff,

    v.

SGT. COOK,
        Defendant.

CIVIL ACTION NO. 3:12-CV-2511

(Judge Kosik)

## MEMORANDUM

Before the court is Plaintiff's Motion for Appointment of Counsel (Doc. 49). For the reasons which follow, the Motion will be denied.

### BACKGROUND

Plaintiff, Joseph Breeland, an inmate confined at the State Correctional Institution-Greene, Waynesburg, Pennsylvania, filed a civil rights complaint pursuant to 42 U.S.C. §1983, based on incidents which occurred while he was incarcerated at the State Correctional Institution at Camp Hill. Specifically, Plaintiff asserts that Defendant Correctional Officer II Cook used excessive force in violation of the Eighth Amendment by physically and sexually assaulting him.

The case has had an extensive procedural history. On March 3, 2014, we adopted a Report and Recommendation of Magistrate Judge Martin C. Carlson (Doc. 44), wherein he recommended that Defendant's Second Motion for Summary Judgment (Doc. 36) be denied because a genuine issue of material fact existed as to whether Defendant Cook physically and sexually assaulted the Plaintiff. The case is in a posture for trial.

On March 26, 2014, Plaintiff filed a Motion for Appointment of Counsel (Doc. 49). In his Motion, Plaintiff cites his pro se status, his lack of legal training, his attempt to get counsel, his missing legal work, and his mental health issues.

DISCUSSION

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. Without passing judgment as to the ultimate merits of Plaintiff's claims, for the sole purpose of this motion, the court will assume that the case has arguable merit in law and the facts.

Upon successfully clearing the above hurdle, other factors to be examined are:

    1. The plaintiff's ability to present his or her own case;

    2. The difficulty of the particular legal issues;

    3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

    4. The plaintiff's capacity to retain counsel on his or her own behalf;

    5. The extent to which a case is likely to turn on credibility determinations; and

    6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

We find that Plaintiff's motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel. Tabron, 6 F.3d at 155-56. The pleadings and documents submitted by Plaintiff in this case so far are comprehensible. The issues in this case have been narrowed to one defendant and one claim, excessive use of force by Defendant Cook. Plaintiff is clearly literate and, while it is true that he is incarcerated, he appears able to litigate this action on his own. As we indicated above, Plaintiff has successfully navigated this case through an extensive procedural history. It cannot be said, at least at this point, that Plaintiff will suffer substantial prejudice if he is required to proceed with the prosecution of this case without the assistance of an attorney. This court's liberal treatment of pro se plaintiffs, coupled with Plaintiff's apparent ability to litigate this action on his own, weigh against the appointment of counsel. Thus, his pending motion for counsel (Doc. 49) will be denied. An appropriate order follows.